14

# CIRCUIT COURT OF AUGUSTA COUNTY

Francis Chester et al.

v.

Augusta County et al.

January 12, 2010

Case No. CL09001383-00

BY JUDGE VICTOR V. LUDWIG

I have considered the motion requesting my recusal in this case, and I have determined that it is neither necessary nor appropriate that I recuse myself; indeed, were I to do so, I would be shirking my duties as a judge of the 25th Judicial Circuit of the Commonwealth of Virginia.

I believe that Mr. Chester would agree that all of our contacts prior to December 28, 2009, were cordial and entirely professional. I do not believe that he has cited or could cite any instance prior to that date, in any of his appearances before the Court, in which I have demonstrated anything other than appropriate judicial temperament, or when I have impugned his integrity, or when I otherwise have failed to afford him the courtesy and respect due to him as an attorney practicing in this Court.

Mr. Chester has given no reason to request my recusal except for the Court's opinion of December 28 imposing sanctions against him. But for his dissatisfaction with the result of the sanctions motion, he has cited no other conduct, comment, or action on my part from which one could infer that I have any bias or prejudice against him or any of his clients.

Although the letter opinion of December 28 did reflect my findings of fact and conclusions of law supporting the conclusion that Mr. Chester

violated § 8.01-271.1 of the Code of Virginia, the decision did not reflect any prejudice or bias against Mr. Chester, rather, it addressed the inadequacy of the pleadings, his lack of care in preparing them, and his misreading of the law in those cases. To the extent that Mr. Chester feels that the decision was pointed, I know that he realizes that sanctions are not lightly to be imposed, and, therefore, the bases for imposing them must be clear. Hence, having found that the remedy was justified, I was obliged to articulate with specificity the reasons for my decision, No judge can properly or fairly impose sanctions without stating why that remedy is appropriate, and, obviously, the reasons for imposing them must be significant and are almost necessarily uncomplimentary to the attorney. That is a decision, of course, which he is free to appeal.

Mr. Chester well understands that judges render decisions every day, and, generally, one attorney loses. Yet, attorneys who lose their cases do not call for a judge's recusal from all cases involving them. If every attorney who was dissatisfied with a judge's ruling were successful in forcing the judge out of all pending and future cases involving that attorney, the judicial system in the Commonwealth would be jeopardized, if not crippled.

An equally important consideration is that, while judges of this Commonwealth have a sworn duty to hear cases without passion, without partiality, and without prejudice, they also have an obligation not to seek cover simply because a case is high profile, politically sensitive, or because they are subject to unfounded criticism.

To anticipate an issue that is sure to arise, I note that the law has not changed since the Court's letter of December 28; so, if this pending suit is subject to some of the same deficiencies as the earlier one, *e.g.*, if it has been filed against the wrong parties, if it fails to name the plaintiffs, and if the remedy it seeks demands an unlawful action, Mr. Chester may want to consider the guidance of the Court's earlier letter in those regards. With that observation as to the law, although Mr. Chester has clearly expressed his doubts, I assure him that I can and will hear his cases without bias, because I have none against him or his clients. That is certainly no guarantee of the outcome in any case because each case must stand on its own merits, but it is a guarantee of fair and impartial treatment.